UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASPEN DAVIS,<br><br>                             Plaintiff,<br><br>     v.<br><br>CITY OF NEW YORK, P.O. CHRISTIAN RODRIGUEZ (Tax I.D. 937402), P.O. WIDNY CYLET (Tax I.D. 942703), and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown),<br>                             Defendants. | **AMENDED COMPLAINT**<br><br>13-cv-6423 (PKC)(RER)<br><br>Jury Trial Demanded |

Plaintiff Aspen Davis ("Plaintiff"), by her attorney, Kim E. Richman, complaining of the Defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, POLICE OFFICER CHRISTIAN RODRIGUEZ (Tax I.D. 937402), POLICE OFFICER WIDNY CYLET (Tax I.D. 942703), and OFFICERS "JOHN DOE" #1 through #15, individually and in their official capacities, (the names "John Doe" being fictitious, as the true names of these individuals are presently unknown), as Officers of the New York City Police Department and other agencies of the City of New York, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitution and laws of the Unites States and of the State of New York.

1

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiff's claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiff's federal claims herein.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of her claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ASPEN DAVIS is a young black female with no prior history of arrests and was at all relevant times a resident of Queens, New York.

7. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs, and controls the New York City Police Department ("NYPD") and other municipal agencies and departments which are responsible for carrying out law enforcement activities under color of state law.

8. Defendants POLICE OFFICER CHRISTIAN RODRIGUEZ (Tax I.D. 937402), POLICE OFFICER WIDNY CYLET (Tax I.D. 942703), and OFFICERS "JOHN DOE" #1

through #15 are and were at all relevant times police or correction officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY agencies and acting under color of state law.

9. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its agencies and departments, including the NYPD, and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

10. Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD and/or other agencies which employed the Defendants herein.

## **FACTS**

11. This action stems from the unlawful search, arrest, and prosecution of Plaintiff Aspen Davis, all of which was undertaken in the absence of probable cause or other justification.

12. On or about April 10, 2013, at about 9:30 a.m. Plaintiff was in her home on 40-16 Vernon Boulevard, Queens County with her infant daughter. During this time, NYPD officers arrested her husband Duane McNaughton while he was going to a nearby store.

13. Soon after Mr. McNaughton's arrest, Defendant NYPD officers from the 114th Precinct pounded on Plaintiff's door.

14. Next, the Defendant officers, without producing a warrant, broke down Plaintiff's door, damaging the door in the process and unlawfully entered Plaintiff's apartment, shocking and distressing both Plaintiff and her daughter who was now crying.

15. Plaintiff told Defendant officers that she had done nothing wrong and that there

was no contraband in the house. Nonetheless, Defendant officers, without cause, handcuffed Plaintiff and searched her house. Defendant Officers found no illegal drugs or other contraband in Plaintiff's apartment, on her person, or on her husband's person.

16. After searching the house, Defendant P.O. Christian Rodriguez unlawfully arrested Plaintiff despite a lack of evidence of any wrongdoing, and without reasonable suspicion, probable cause or other justification.

17. Defendant Officers then took Plaintiff outside and placed her in an NYPD van with her husband. This separated Plaintiff from her daughter who remained in the house, further distressing Plaintiff and causing her anxiety and fear.

18. Next, Plaintiff was driven to her car where an NYPD officer, without probable cause, reasonable suspicion, a warrant, or consent searched the vehicle.

19. Afterwards, Defendant Officers still without reasonable suspicion, probable cause or other justification, continued detaining Plaintiff, taking her and her infant to separate Police precincts. The infant was taken to NYPD Public Service Area 9 ("PSA 9"). Plaintiff was taken to the NYPD 114th Precinct.

20. Plaintiff remained at the NYPD 114th Precinct for approximately one (1) hour before being shuttled to NYPD PSA 9. After remaining in PSA 9 for several hours, Plaintiff was then transferred to Queens Central Booking Unit where she remained overnight until approximately 8 p.m. on April 11, 2013 or approximately thirty-six (36) hours after being arrested, when she was arraigned under Docket No. 2013QN019544 in Queens Criminal Court.

21. Plaintiff was arraigned on the basis of an accusatory instrument, signed by Defendants, which contained false allegations, including the allegation that Plaintiff possessed illegal narcotics and which charged Plaintiff with several misdemeanors.[1]

22. Plaintiff was required to defend the baseless charges against her, appearing numerous times in criminal court, until all charges were dismissed in entirety on or about May 2, 2013 upon motion of the District Attorney.

23. Plaintiff filed a Notice of Claim with Defendant CITY Comptroller on September 5, 2013. Plaintiff's Notice of Claim was assigned number 2013PI023109.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

24. Plaintiff ASPEN DAVIS repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

26. All of the aforementioned acts by Defendants deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, with the actual and/or apparent authority attendant thereto.

---

[1] Plaintiff was charged with the following: NYPL 220.16 Criminal possession of a controlled substance in the third degree; 220.03 Criminal possession of a controlled substance in the seventh degree.

28. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, violated Plaintiff's civil rights; these violations were driven and motivated by, reflective of and carried out pursuant to a custom, usage, practice, procedure or rule of Defendant CITY, which is forbidden by the Constitution of the United States.

30. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiff ASPEN DAVIS repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

32. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

33. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was at all times aware of her confinement; Plaintiff was put in fear for her safety and subjected to handcuffing and other physical restraints, without probable cause.

34. As a result of her false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before her neighbors and peers, confinement and emotional distress. Plaintiff was discredited in the minds of many members of the community.

35. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

### THIRD CLAIM FOR RELIEF: MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

36. Plaintiff ASPEN DAVIS repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

37. Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear her of liberty and the lawful use of property.

38. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff, who had never been arrested and was acting lawfully, to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

39. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the arrest numbers of the NYPD. This abuse of power is outside of and contrary to the legitimate of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

40. As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of her constitutional rights, including deprivation of liberty following her arrest.

41. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER NEW YORK COMMON LAW

42. Plaintiff ASPEN DAVIS repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

43. Defendants employed regularly issued legal process against Plaintiff to forbear her of liberty and the lawful use of property.

44. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

45. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process.

46. Defendants' abuse of power is outside of and contrary to the legitimate of the law enforcement and criminal justice processes.

47. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## FIFTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

48. Plaintiff ASPEN DAVIS repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

49. Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against her could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

50. The criminal charges against Plaintiff were terminated in her favor.

51. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

52. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

53. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before her neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community.

## SIXTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION IN VIOLATION OF NEW YORK COMMON LAW

54. Plaintiff ASPEN DAVIS repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

55. Defendants charged Plaintiff with violating New York laws falsely, maliciously, in bad faith, and without probable cause.

56. Plaintiff suffered a deprivation of liberty in connection with her prosecution.

57. The prosecution of Plaintiff was terminated in her favor.

58. The Defendants' actions violated Plaintiff's rights under New York state law to be free from malicious prosecution.

59. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## SEVENTH CLAIM FOR RELIEF: NEGLIGENCE

60. Plaintiff ASPEN DAVIS repeats each and every allegation contained in the

9

paragraphs above and incorporates such allegations by reference herein.

61. Defendants had a legal duty to Plaintiff, including the duty to act reasonably and the duty to Plaintiff to not violate her civil rights.

62. Defendants' actions in unlawfully stopping and frisking Plaintiff, unlawfully arresting plaintiff, unlawfully depriving plaintiff of liberty and property, and unlawfully initiating a legal process, among other acts against Plaintiff constituted a breach of Defendants' duty.

63. As a consequence of Defendants' actions as described herein, Plaintiff suffered a deprivation of her civil rights, deprivation of property and suffering, and has been otherwise injured.

64. Defendants' actions herein inflicted emotional distress upon Plaintiff.

65. Defendants' actions were the direct and proximate cause of the harm to Plaintiff.

66. Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

### EIGHTH CLAIM FOR RELIEF: UNLAWFUL SEARCH AND SEIZURE IN VIOLATION OF THE NEW YORK CONSTITUTION

67. Plaintiff ASPEN DAVIS repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

68. Defendants' acts and omissions were a direct and proximate result of Plaintiff's deprivation of rights under Article I, Section 12 of the New York Constitution to be secure in her person and effects, against unreasonable searches and seizures, without probable cause.

69. The unlawful stops, searches, false arrests, and false imprisonment of Plaintiff were the direct and proximate result of a policy or practice of the City.

### NINTH CLAIM FOR RELIEF:
### FALSE ARREST AND IMPRISONMENT IN VIOLATION OF NEW YORK COMMON LAW

70. Plaintiff ASPEN DAVIS repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

71. As a direct and proximate result of the acts and omissions of the Defendants, the Plaintiff has been deprived of her rights under New York law to be free from false arrest and false imprisonment.

### TENTH CLAIM FOR RELIEF:
### FAILURE TO INTERVENE

72. Plaintiff ASPEN DAVIS repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

73. Those defendants that were present during the time when Plaintiff's constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

74. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

75. As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to humiliation, ridicule, and disgrace before her family and peers, confinement, pain and suffering, embarrassment and emotional distress.

### ELEVENTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

76. Plaintiff ASPEN DAVIS repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

77. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of cause against her, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

78. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

79. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

80. The aforementioned customs, policies, usages, practices, procedures and Defendant CITY include prosecuting minority individuals without reasonable suspicion or having probable cause as to each individual and without evidence of each individual's criminal activity, arresting persons known to be innocent in order to meet "productivity goals", falsely swearing out criminal complaints and/or lying and committing perjury during sworn testimony to protect other officers and meet productivity goals;

81. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

82. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

83. Defendant CITY, as municipal policymaker in the training and supervision of Defendants OFFICERS "JOHN DOE" #1 through #15, individually and in their official

capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

84. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

85. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

86. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

87. All of the foregoing acts by Defendants deprived Plaintiff Aspen Davis of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from search, seizure, arrest and imprisonment not based upon reasonable suspicion and probable cause;

    c. To be free from unlawful prosecution;

    d. To be free from infliction of emotional distress; and

    e. To receive equal protection under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         July 14, 2014

                                    Respectfully submitted,

                                    _____
                                    Kim E. Richman
                                    *Attorney for Plaintiff*
                                    **REESE RICHMAN LLP**
                                    875 Avenue of the Americas, 18th Fl.
                                    New York, NY 10001
                                    Telephone   (212) 643-0500
                                    Facsimile   (212) 253-4272